IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 98-40188

Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY LEWIS MALONSON,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Eastern District of Texas
(4:97-CR-64-1)

———————————

November 24, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Malonson appeals his sentence entered after he pled guilty to violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). In particular, Malonson contends that the district court erred in calculating his offense level by relying upon information he divulged, after executing a plea agreement, about the quantity of drugs involved in the conspiracy. According to Malonson, the district court's use of this information violated U.S.S.G. § 1B1.8.

Malonson's claim that the terms of his plea agreement were not honored distills down to an objection about the district court's

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination of the quantity of drugs implicated in the crime, a finding of fact we review under the clearly erroneous standard. See United States v. Gibson, 48 F.3d 876, 878 (5th Cir. 1995), cert. denied, 516 U.S. 852 (1995).  Though Malonson argues that he provided the probation officer with all the details concerning the amount of drugs involved in his illegal activities, the probation officer stated in the presentence report that he only relied upon the statements given by Malonson's co-conspirators in making his drug quantity calculation.  In addition, the probation officer averred that Malonson refused to discuss the quantity of drugs involved in his operation.  Since Malonson points to no evidence demonstrating its inaccuracy, the district court was entitled to rely upon the PSR.  See United States v. Franklin, 148 F.3d 451, 460 (5th Cir. 1998) ("Absent rebuttal evidence demonstrating inaccuracy, which evidence the defendant bears the burden of producing, district courts are entitled to rely on PSRs."). Because none of the drug-quantity information used to calculate the base offense level came from Malonson, "the district court's determination that § 1B1.8 was not violated will not be disturbed." Gibson, 48 F.3d at 879.

The judgment of the district court is AFFIRMED.